In re: **Philip L. PROVENZALE, D.D.S. and Christine B. Provenzale, Debtors.**

**HOUSEHOLD FINANCE CORPORATION, III, Plaintiff,**

v.

**Philip L. PROVENZALE, Defendant.**

**Bankruptcy No. 88–00812–BKC–TCB. Adv. No. 88–0196–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

July 7, 1988.

Bruce W. Parrish, Jr., P.A., West Palm Beach, Fla., for plaintiff.

Daniel L. Bakst, West Palm Beach, Fla., for defendant.

Douglass E. Wendel, Palm Beach, Fla., trustee.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff creditor seeks exception from discharge under 11 U.S.C.

§ 523(a)(2)(B) for its claim of $5,000. The debtor has answered and the matter was tried on May 31. I conclude that the claim should be excepted from this debtor's discharge and that plaintiff is entitled to judgment against the debtor in the amount claimed.

In connection with a loan of $5,000, the debtor was required to and did execute and deliver to plaintiff a written financial statement on September 11, 1987. This statement showed a total of $347,194 owed to 10 creditors. It was materially false. The debtor does not dispute that an additional $460,000 was owed at that time to 25 other creditors.

The debtor's explanation is that he told the loan officer that he had many debts, could not recall them all, and requested the lender to obtain a credit report. Although the statement bears the handwritten sentence: "I have no other debts", the debtor recalls being asked to add the sentence, but believes he added the notation "CR" after the sentence. He intended by this reference to reflect his request that the lender get a credit report. In fact, credit reports from two agencies were requested.[1]

The loan officer who handled this transaction states that he followed the customary and standard procedure in requesting a credit check (from Century II Credit Bureau) which was consistent with the debtor's statement. He had no knowledge of the other debts and would have denied the loan had he been aware of them. He recalls no discussion as related by the debtor. He is unable to explain the request for the other credit report (TRW), which he never saw. Neither that report nor a copy is in evidence.

A credit report from TRW dated May 26, 1988, eight months after the loan, is in evidence. It show other debts and it also shows enough defaults to other creditors to discourage any lender. The lapse of time prevents any assumption that it reflects the credit record at the time of the loan. I believe the loan officer's testimony that he never saw any TRW report. Had he seen a report this negative, I do not believe he or any other loan officer would have approved the loan.

The debtor's stated annual income was $95,000 and the lender's previous experience with the debtor had been good.

It is plaintiff's burden to prove that it "reasonably relied" upon the written statement, and that the statement was furnished "with intent to deceive". § 523(a)(2)(B)(iii) and (iv). I find that it has done so.

On this conflicting record, I accept the loan officer's testimony. The debtor's version is a bizarre one, disputed by the loan officer, contradictory to the document which the debtor signed, and unsupported by any other evidence. It is unlikely that any loan officer would approve a loan under the circumstances as related by the debtor, and I find it difficult to believe that this debtor was unable to recall, at least in general terms, the debts which he omitted.

Under these circumstances, the materially false statement was either knowingly false or made so recklessly as to constitute a fraud upon the creditor. 3 *Collier on Bankruptcy* ¶ 523.09[5][b] n. 23 (15th rev. ed. 1988).

Of the total loaned, $1,278 was used to satisfy an existing loan owed to the same lender. The debtor argues that only the balance is new value and is, therefore, not dischargeable. Before the enactment of the present Code in 1978, there were decisions to this effect. However, the legislative history of the present Code makes it clear that:

> "The amount of the debt made nondischargeable on account of a false financial statement is not limited to 'new value' extended when a loan is rolled over." *Id.* ¶ 523.10.

As is required by B.R. 9021(a), a separate judgment will be entered excepting plain-

---

1. Counsel agree that the second report (TRW) was requested by the lender the day the financial statement was executed. I do not see the notation on Exhibit B that persuaded counsel, but accept their conclusion.

**432**

tiff's claim in the amount of $5,000 from discharge. Costs may be taxed on motion.